**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JANE ROBERTI,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-1740** |
| | : | |
| **BECKER SUBARU,** | : | |
| **Defendant** | : | |

**MEMORANDUM**

**STENGEL, J.** **November 26, 2007**

This is an employment discrimination action brought by Jane Roberti against former employer Becker Subaru pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Pennsylvania Human Relations Act. The defendant filed a motion to dismiss Count III of the plaintiff's complaint which alleges retaliation based on the defendant's termination of the employment of her live-in boyfriend Mark Wynne. For the reasons that follow, I will grant the motion.

## I. BACKGROUND

Roberti worked at Becker Subaru as a loan officer who had a "dotted line" supervisory role over her boyfriend, a salesman at the dealership. As part of her duties, Roberti funneled sales leads from the internet to the salesman. Employees began to complain to management that Roberti gave all of the best leads to Wynne. When the owner of the company found out that Roberti was involved in a relationship with a co-worker, he insisted that his managers counsel Roberti and her boyfriend to keep their personal and professional lives separate. Roberti also alleges that the owner did not

approve of her lifestyle based on his strict religious convictions.

On the evening of January 29, 2006, Roberti was counseled by her boss that the perception of the sales force was that she continued to favor her boyfriend with sales leads. After the issue re-surfaced the next morning, Roberti walked onto the showroom floor in the presence of potential customers and yelled "all you salesmen are fucking stupid." Management conferred and agreed that the plaintiff's conduct was grounds for immediate termination. Roberti was offered the choice to resign voluntarily or be terminated. She chose to be terminated. The defendant terminated Wynne's employment in September 2006.

## II. LEGAL STANDARD

Defendant Becker Subaru seeks dismissal of Count III of the plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Under that Rule, a party may move to dismiss for "failure to state a claim upon which relief can be granted." The rule is designed to screen out cases where "a complaint states a claim based upon a wrong for which there is clearly no remedy, or a claim which the plaintiff is without right or power to assert and for which no relief could possibly be granted." Port Auth. v. Arcadian Corp., 189 F.3d 305, 311-312 (3d Cir. 1999). Under Rule 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the non-moving party can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue, therefore, is not

whether the non-moving party will ultimately prevail, but whether it is entitled to offer evidence to support its claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

In considering whether a count should be dismissed for failure to state a claim upon which relief can be granted, a court must consider only those facts alleged and accept all of the allegations as true, drawing all reasonable inferences in favor of the non-moving party. ALA v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); see also Lum v. Bank of America, 361 F.3d 217, 222 (3d Cir. 2004) (in deciding motions pursuant to Rule 12(b)(6), courts generally consider only allegations in the pleading, exhibits attached to the pleading, matters of public record, and documents that form the basis of a claim).

## III. DISCUSSION

In Count III of her complaint, Roberti alleges that the defendant retaliated against her by firing her boyfriend, knowing that that would financially burden them both.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that: (1) she engaged in conduct protected by Title VII; (2) after or contemporaneous with engaging in that conduct, her employer took an adverse action against her; (3) the adverse action was "materially adverse;" and (4) there was a causal connection between her participation in the protected activity and the adverse employment action. Burlington N. & Santa Fe Ry. Co. v. White, — U.S. — , 126 S. Ct. 2405, 2415 (2006). "Materially adverse" in this context means action that "well might have dissuaded a reasonable


worker from making or supporting a charge of discrimination." Burlington, 126 S. Ct. at 2415. Stated differently, a plaintiff may meet her burden by demonstrating that her employer's conduct is "likely to deter victims of discrimination from complaining to the EEOC." Id.

Nevertheless, the question remains whether Roberti has standing to bring a retaliation claim based on the adverse employment action taken against a third party. The requirement that a party have standing flows from the Article III requirement of a "case or controversy." U.S. Const. Art. III, § 2, cl. 1. For an individual, the Supreme Court stated that, "at an irreducible minimum, Art. III requires the party who invokes the court's authority to show 'that she personally has suffered from actual or threatened injury as a result of the putatively illegal conduct of the defendant[.]'" Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. 464 (1982). Further, a plaintiff must also show that the injury "'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" Public Int. Research of N.J. v. Powell Duffryn, 913 F.2d 64, 70 (3d Cir. 1990) (citing Valley Forge Christian College v. Americans United for Separation of Church and State, 454 U.S. at 472).

Here, the alleged adverse employment action complained about in Count III was taken against Mark Wynne almost nine months after Roberti was fired. He is the alleged injured party under those circumstances, not Roberti. And, he has filed a separate complaint in this court against the defendant alleging retaliation. Roberti does not have

individual standing to assert that her former employer retaliated against her by firing her boyfriend. Roberti's retaliation claim regarding the defendant's termination of her boyfriend will accordingly be dismissed for lack of jurisdiction.[1]

An appropriate Order follows.

---

[1] Because I find that Roberti has no standing regarding this claim, it is not necessary to address the defendant's argument regarding the alleged procedural deficiencies of Roberti's EEOC charge.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JANE ROBERTI,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 07-1740** |
| | : | |
| **BECKER SUBARU,** | : | |
| **Defendant** | : | |

**ORDER**

**STENGEL, J.**

**AND NOW**, this 26th day of November, 2007, upon consideration of the defendant's motion to dismiss Count III of the plaintiff's complaint (Document #6), the plaintiff's response thereto (Documents #10 and #11), and the defendant's reply (Document #13), it is hereby ORDERED that the motion is GRANTED.

BY THE COURT:

/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.